UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL TYRONE SHANNON,

Plaintiff,

v.

J. TAPIZ, et al.,

Defendants.

No. 2:22-cv-1504 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed March 6, 2023, the undersigned screened the complaint and found that it did not state a claim for relief. ECF No. 8. Plaintiff was given an opportunity to file an amended complaint and has now filed a second amended complaint. ECF No. 12.

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. Second Amended Complaint

Plaintiff alleges that his First, Eighth, and Fourteenth Amendment rights were violated by defendants Tapiz and Garry. ECF No. 12. He states that defendants denied him a vibrating watch and television remote control even though three other inmates were provided the same items and that "pursuant to equal protection rights what is afforded one inmate should be afforded all inmates." Id. at 3. He further asserts that the items were confiscated because he filed lawsuits and inmate appeals and that he was told "no, he can't have this on my waht [sic]." Id. at 4.

III. Failure to State a Claim

A. First Amendment

In order to state a claim for retaliation, plaintiff must allege facts showing that the defendants took adverse action against him and that they were motivated to do so by plaintiff's protected conduct. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted). Plaintiff makes only a conclusory allegation that defendants confiscated his property because he filed lawsuits and grievances and provides no basis for this assertion. Conclusory allegations that defendants' conduct was retaliatory are not sufficient to state a claim for relief.

B. Eighth Amendment

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). Once again, plaintiff has not alleged any facts showing that, without a watch or remote, he has been denied life's necessities or that defendants knowingly disregarded his safety or health. He therefore fails to state a claim under the Eighth Amendment based on the denial of a vibrating watch and television remote.

C. Fourteenth Amendment

The Equal Protection Clause requires the State to treat all similarly situated people

equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, plaintiff can show "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted). "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Plaintiff has not alleged facts demonstrating that he was discriminated against because of his membership in a protected class or that he and the inmates who received the items at issue were similarly situated. He also fails to explain how either defendant was involved in denying him a vibrating watch and television remote. For these reasons, plaintiff fails to state an equal protection claim.

IV.    Leave to Amend

The complaint does not state any cognizable claims for relief. Although plaintiff has failed to address the deficiencies identified in the screening order and the second amended complaint provides even less information than the previous complaint, plaintiff will be given one final opportunity amend complaint in light of his representation that he was hospitalized during the time his amended complaint was due. See ECF No. 12 at 3. If plaintiff chooses to file a third amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

     Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a third amended complaint, any prior complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

     V.     Plain Language Summary of this Order for a Pro Se Litigant

     Your second amended complaint will not be served because the facts you alleged are not enough to state a claim.  There are no facts showing that defendants denied you the items because you filed grievances and lawsuits; that defendants ignored a risk to your health or safety; that you were discriminated against because you are a member in a protected class; or that you were treated differently from similar inmates for no reason.

     You are being given one final chance to amend your complaint to try to fix these problems.  Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

     If you choose to file a third amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in any other prior complaints.  **Any claims and information not in the third amended complaint will not be considered.**

     In accordance with the above, IT IS HEREBY ORDERED that:

     1.  Plaintiff's second amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

     2.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 23, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE